CUNNINGHAM, J.,
DISSENTING:
A woman should be able to say no to any sexual advance without resisting physically. That is the current law. Gibbs v. Com *468 monwealth, 208 S.W.3d 848 (Ky.2006). A woman should be able to resist a sexual advance by simply saying no and the violator still be accountable, even if force or threat of force is not used. According to the majority, that is not the current law. Our holding today disputes that right because of a case decided almost forty years ago.
Therefore, I respectfully dissent. I also join Justice Venters’ dissent. One of the proudest boasts I have of my brothers and sisters on this Court is that we have maintained a steady respect for state decisions without being shackled to past folly. Yet, today we perpetuate an aberration by once again following the Cooper case. By doing so we hold that it is not a crime to have sex against another’s will, unless physical force or the threat of physical force is used.
The evidence of physical force in this case was very weak. We have a seventeen year old woman. She was in her room admitting she was sending a “perverted” message to her boyfriend. She said she thought nothing was wrong with her step-grandfather massaging her shoulders. Nor, did she see anything wrong with him wanting to take her picture. She was knowledgeable for the slang for oral sex. She testified that she was not threatened. She testified that the Appellant never kept her from getting up and leaving the room. She testified that he did not make her do it. She admitted that her grandmother was in the next room where any protest could have easily been heard.
The majority relies upon her testimony that the Appellant “forcibly rolled her over, removed her pajama pants, and then physically pushed aside her several attempts to block him from sodomizing her.” The jury is at liberty to believe or disbelieve any or all of the complaining witness’ testimony. It could have easily not believed this aspect of her testimony, but also be fully convinced that it was against her will.
The jury would have had good reason to believe that she did not consent, but did not physically resist. The jury could have easily concluded that he did not use force or the threat of force.
“I didn’t want to, and I didn’t feel comfortable to. It was just kind of ... it was always what happened. It was just something that I guess I was used to, ‘cause that’s always what happened. ’ ”
It was “always what happened.” We can only interpret that as there was no need for either him to use force, or for her to resist. But, it was still against her will. The jury could have reasonably found that it was without both force and her consent. But they could not find him guilty of a lessor included crime because the lessor included instruction was not given.
In ICRS 510.140, the crime of sexual misconduct reads:
(1) A person is guilty of sexual misconduct when he engages in sexual intercourse or deviate sexual intercourse with another person without the latter’s consent.
(2) Sexual misconduct is a Class A misdemeanor.
The statute is simple, clear, and unequivocal. There is nothing in the body of this statute which restricts it to juvenile participants. Our interpretation of it, beginning with the Cooper case, relies on the Commentary and ignores the glaring fallacy of that interpretation.
Like Justice Venters in his aptly written dissent, I take serious issue with the interpretation that both the Cooper Court and the present majority give to the Commentary to KRS 510.140.
First of all, it implicitly acknowledges this crime being a lesser offense to more *469 serious sexual crimes when it states as follows. “It provides a useful plea-bargaining tool for the prosecutor in certain cases even though some degree of forcible compulsion or incapacity to consent may be present.” KRS 510.140.
Secondly, it states that the statute is “designed primarily to prohibit noncon-sensual sexual intercourse of deviate sexual intercourse” when the participants are under certain ages. KRS 510.140 (emphasis added). This “primary” purpose is not mutually exclusive of it being a lesser included of rape in the first degree in all cases. Otherwise, the language of the plea-bargaining utilization makes no sense.
It is clear in reading the Commentary closely that the Cooper decision is a misconstruction of what the Commentary actually says.
As noted by the majority, there have been some subsequent cases following Cooper. However, as this Court has wisely concluded in the past, “the doctrine of stare decisis does not commit us to’the sanctification of ancient fallacy.” Hilen v. Hays, 673 S.W.2d 713, 717 (Ky.1984).
If that had been the intent of the legislature, it would have restricted it to only application in cases where both parties involved are under age. "Why should it be a crime to commit a sexual act against a person under sixteen and not with a thirty year old victim?
The majority also complains that to read KRS 510.140 as I read it “would allow rape and sodomy to be treated as either a felony or misdemeanor at the prosecutor’s or the jury’s discretion without legislative guidance as to the distinction.” The distinction is clear on its face. Sexual intercourse by forcible compulsion is rape in the first degree; sexual intercourse without forcible compulsion but against the will of the victim is sexual misconduct. I fail to see the need for “legislative guidance.” It’s not unlike our assault statutes. A person is guilty of a serious felony (5 to 10 years) if that person intentionally causes serious physical injury to another person. KRS 508.020. But the same person is guilty only of a misdemeanor if the jury determines that he or she intentionally inflicted only physical injury upon a person. KRS 508.030. Prosecutor and jury discretion permeates our entire justice system.
In recent years we have changed our criminal law to provide the right to a wife to say no to a husband’s sexual advancement and mean it. We have seen the alarming escalation of sexual assaults upon children and grandchildren which carry on even after the victims have reached sixteen years of age. After the nightmarish repetition of such vile acts, the victims become physically compliant, although not consensual, creating continual opportunities for the offender to commit the acts without force or the threat of force.
It’s impossible to anticipate all the other diabolical designs where nonconsensual sex may invade the integrity of the victim’s body without physical force or threat of force.
These incredibly mean acts should be recognized as1 criminal under the plain •reading of KRS 510.140.
I’ve searched in vain to find any other state which gives such a clearly stated statute such an off the page interpretation as we continue to do with this opinion. All that I’ve found with similar, if not identical, sexual proscription' do not limit the crime to juveniles. See Johnson v. State of Delaware, 929 A.2d 784 (De.2007); Burton v. State of Delaware, 2000 WL 703810 (De. April 19, 2000).
•Mark Twain reportedly said, “if the world ever comes to an end, I want to be in Kentucky. Everything there happens 20 years after it does anywhere else.” It’s an unfair and inaccurate slam at our beloved *470 Commonwealth. But here, it just seems to fit. '
Venters, J., joins.